IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN MORSLEY, | : | CIVIL NO. 1:CV-11-0781 |
|     Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| RONNIE L. HOLT, | : | |
|     Respondent | : | |

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Allen Morsley ("Morsley"), an inmate confined at the United States Penitentiary at Canaan, Pennsylvania. In the petition he challenges his 1994 Eastern District of North Carolina conviction and sentence for Using and Carrying of a Firearm During and In Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1). Morsley seeks his release from prison based upon a decision issued by the United States Supreme Court in the matter of Watson v. United States, 552 U.S. 74 (2007). He contends that the Watson decision "seriously undermines" the continued validity of his conviction. (Doc. No. 1, Pet. at 6.) For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**I.    Background[1]**

Morsley was convicted in the United States District Court for the Eastern District of North Carolina of Conspiracy to Possess Cocaine with Intent to Distribute, and of related drug and weapons charges. U.S. v. Morsley, 64 F.3d 907 (4th Cir. 1995). On or about March 8, 1994,

---

[1] In setting forth the background information, the Court relies upon facts alleged in the petition and also takes judicial notice of facts set forth in Morsley v. Romine, 1:CV-01-1003 (M.D. Pa.), a previous habeas corpus matter filed by Morsley in this Court pursuant to 28 U.S.C. § 2241.

he was sentenced to a term of life imprisonment. He pursued a direct appeal with the Fourth Circuit Court of Appeals. The appellate court affirmed his convictions and sentence on August 31, 1995.

On April 22, 1997, Morsley filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of North Carolina. A motion to supplement the § 2255 motion was denied. On June 3, 1997, the § 2255 motion was denied by the Eastern District of North Carolina Court. Motions filed by Morsley to amend the judgment and for reconsideration were also denied. On October 17, 1997, another motion filed by Morsley to supplement his § 2255 motion was denied. Following a review of the record and the district court's opinion, the Fourth Circuit Court of Appeals found that "[t]he district court did not abuse its discretion in denying the post-judgment motion to supplement the § 2255 motion, or the untimely Rule 52(b) motion." United States v. Morsley, 153 F.3d 724 (4th Cir. 1998).

Thereafter, Morsley pursued habeas relief in this court pursuant to a petition under 28 U.S.C. § 2241. See Morsley v. Romine, No. 1:CV-01-1003 (M.D. Pa.). In the petition, he attempted to challenge his conviction and sentence by way of § 2241 claiming that he was unable to meet the gatekeeping provision for filing a successive § 2255 motion in the sentencing court.[2] He wished to raise claims pursuant to Supreme Court rulings that were issued in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Bailey v. United States, 516 U.S. 147

---

[2] Under the "gatekeeping"provision of the AEDPA, a defendant seeking to file a second § 2255 motion must obtain from the court of appeals having jurisdiction over the sentencing court an order authorizing the sentencing court to consider the second motion. A court of appeals may grant leave to file a second § 2255 petition only if the defendant presents (a) newly discovered evidence undermining the guilty verdict or (b) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2255.

(1995).  On July 31, 2003, this Court denied Morsley's § 2241 petition.  Subsequent motions for reconsideration were also denied.  On November 9, 2004, the Third Circuit Court of Appeals issued judgments affirming this Court's decisions.

Morsley now files the instant habeas petition pursuant to 28 U.S.C. § 2241 seeking to collaterally challenge his United States District Court for the Eastern District of North Carolina conviction.  He seeks to avail himself of the United States Supreme Court decision issued in Watson v. United States, 552 U.S. 74 (2007).  In contends that Watson holds that the evidence supporting his § 924(c)(1) conviction does not constitute a crime under the "use" prong of 924(c)(1)(A).  As such, he argues that the intervening change in substantive law renders him "actually innocent" of using and carrying a firearm during and in relation to a drug trafficking crime. (Doc. No. 1, Pet. at 9.)  He claims that he must raise this issue pursuant to the instant § 2241 petition in that a motion pursuant to § 2255 is inadequate and ineffective to test the legality of his detention.

**II.    Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F. 3d 117 (3d Cir. 2002)(citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S. C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations

where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; Dorsainvil, 119 F.3d at 251-52.  § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See id. at 251.  Nor do legislative limitations, such as the statute of limitations or gatekeeping provision placed on § 2255 proceedings, render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

Even if Morsley's Watson claim falls within the purview of § 2255, the process by which he should endeavor to present this claim to the sentencing judge would be in a properly framed second or successive motion for relief under 28 U.S.C. § 2255, and not pursuant to a § 2241 petition.  Morsley may be able to successfully obtain leave from the United States Court of Appeals to file a second or successive motion for relief under § 2255 with the United States District Court of North Carolina.  In accessing the PACER Case Locator (Public Access to Court Electronic Records) located at www.pcl.uscourts.gov, it appears that on March 4, 2011, Morsley did file with the Fourth Circuit Court of Appeals a motion for authorization to file a successive § 2255 motion.  See In re Allen Morsley,  No. 11-135 (4th Cir.).  However, the appellate court deemed the motion to be insufficient, and directed Morsley to amend his motion for authorization to file a successive § 2255.[3]  When he failed to do so, the proceeding was

---

[3] The Fourth Circuit provided Morsley with instructions for filing his motion under 28 U.S.C. § 2244 for an order authorizing the filing of a second or successive application for relief under § 2255, and also provided him with a blank form for his use in doing so. (See In re

dismissed on April 11, 2011 for failure to prosecute.

This Court takes no position on whether Morsley may be able to successfully obtain leave from the United States Court of Appeals for the Fourth Circuit to file a second or successive motion for relief under § 2255 with the Eastern District Court of North Carolina. However, he must first seek leave to do so before attempting to present his claims in this Court via a § 2241 petition.  Reliance on the process for pursing second and successive motions to correct a sentence under 28 U.S.C. § 2255 is particularly appropriate here given the nature of Morsley's claims.  He was afforded the opportunity to file an amended motion for authorization to file a successive § 2255 motion, and then failed to do so.  As such, there remains the possibility that the Fourth Circuit Court of Appeals may permit him to file a successive § 2255 motion raising his instant claims.  He simply cannot by-pass the requirements of § 2255 and pursue a § 2241 habeas petition in this Court.  For these reasons, the instant petition will be dismissed for lack of jurisdiction.   An appropriate order follows.

---

Morsley, No. 11-135 at Doc. No. 3.)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN MORSLEY,** | : | **CIVIL NO. 1:CV-11-0781** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **RONNIE L. HOLT,** | : | |
| **Respondent** | : | |

## ORDER

**AND NOW**, this 3rd day of May, 2011, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **dismissed for lack of jurisdiction**.

2. The Clerk of Court is directed to **close this case**.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania